UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA S. MURILLO,<br><br>                              Plaintiff,<br><br>       vs.<br><br>E. HERALDEZ, J. LANKFORD, J. BONILLA, R. ACEVEDO, J. DAVIES, W. HACKENBERG, CHAUDRY, R. OCHOA, HERNANDEZ, J. PADILLA, A. REECE, K. COLIS, C. ORTIZ, C. XIONG, N. HENG, S. GARCIA, R. LOPEZ, A. DELGADO, D. MCCLANAHAM, P. BRACOMONTE, K. CONTRELL, A. HENDERSON, S. COSSAVELLA, K. WONG, M. LEWIS, E. AYRAN, R. BROOMFIELD, J. BRICK, J. WILLIAMS, VIA PATH TECH., AMERICAN SECURITIES EQUITY OWNER,  J. WILLIAMS, DOES 1–20,<br><br>                              Defendants. | Case No.:  3:26-cv-2359-AJB-AHG<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PAY FILING FEE IN INSTALLMENTS (Doc. No. 3);**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS (Doc. No. 4); AND**<br><br>**(3) DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

On April 13, 2026, Plaintiff Mona S. Murillo, currently incarcerated at R.J. Donovan Correctional Facility ("RJD") and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. (*See* Doc. No. 1.) On April 29, 2026, Plaintiff filed a "Motion for

Filing Fee Payment Schedule." (Doc. No. 3.) Plaintiff then filed a Motion to Proceed In Forma Pauperis ("IFP") on June 24, 2026. (Doc. No. 4.) As discussed below, the motion for fee payment schedule is denied, the IFP motion is denied, and the action is dismissed without prejudice.

## I.    MOTION FOR FILING FEE PAYMENT SCHEDULE

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007) ("*Cervantes*"). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016), and regardless of whether her action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Here, when Plaintiff initiated this action, she did not pay the filing fee required to commence a civil action, nor did she file a IFP Motion pursuant to 28 U.S.C. § 1915(a) at that time. Instead, Plaintiff filed a "Motion for Filing Fee Payment Schedule" in which she asks the Court to accept payment of the of the $405 civil filing fee "in 4 payments" and for the Court to grant a "fee waiver [for] U.S. Marshal service." (Doc. No. 3 at 1.) Plaintiff explicitly stated in her Motion that she "d[id] not seek in forma pauperis status." (*Id.* at 2.) Rather, she sought permission to pay the filing fee in installments *without* proceeding IFP. (*Id.*) But this is not permitted. A plaintiff must either pay the full $405 filing fee "upfront," *Bruce*, 577 U.S. at 86, or properly move to proceed IFP. Plaintiff's Motion for Filing Fee Payment Schedule is therefore denied.

## II.    MOTION TO PROCEED IFP

On June 24, 2026, nearly two months after filing the Motion for Filing Fee Payment Schedule discussed above, Plaintiff submitted an IFP Motion. (*See* Doc. No. 4.) Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of

the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).

Officials at RJD have submitted a certified copy of Plaintiff's trust account statement. (Doc. No. 2.) *See also* 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR 3.2. This statement shows that for the six months immediately preceding filing of the Complaint, Plaintiff carried an average monthly balance of $5,774.11 and average monthly deposits of $15.12. (Doc. No. 2 at 4.) The available balance in Plaintiff's account as of April 21, 226 was $2,444.55. (*Id.* at 2, 4.) As such, Plaintiff has not shown the indigence required to proceed IFP. Because Plaintiff is able to pay the $405 filing fee in total, the Motion to Proceed IFP is denied.

### III.   CONCLUSION AND ORDER

Accordingly, the Court:

(1)   **DENIES** Plaintiff's Motion for Filing Fee Payment Schedule (Doc. No. 3).

(2)   **DENIES** Plaintiff's IFP Motion (Doc. No. 4).

(3)   **DISMISSES** this action without prejudice based on Plaintiff's failure to pay the $405 civil filing and administrative fee required by 28 U.S.C. § 1914(a).

(4)   **GRANTS** Plaintiff thirty (30) days leave from the date this Order is "Filed" in which to have her case reopened by either paying the *entire* $405 civil filing fee.

**IT IS SO ORDERED.**

Dated:  June 29, 2026

Hon. Anthony J. Battaglia
United States District Judge

3:26-cv-2359-AJB-AHG